IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICCI CHAMBLESS BRADDEN II,    Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:21-CV-126-O |
| BOBBY LUMPKIN, Director, TDCJ-CID,    Respondent. | § § § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Ricci Chambless Bradden II, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

**I.  BACKGROUND**

Petitioner was indicted in Tarrant County, Texas, Case No. 1518397R, for the murder of Anthony Antell Jr. and the aggravated assault with a deadly weapon of Quinisha Johnson. Clerk's R. 5, ECF No. 13-11. Petitioner waived a jury trial and pleaded not guilty by reason of self-defense to the murder charge and guilty to the aggravated-assault charge. Following a bench trial, the trial court found him guilty of both offenses and, on January 18, 2018, assessed his punishment at 75 years' imprisonment on the murder charge and 20 years' imprisonment on the aggravated-assault charge. *Id.* at 219, 221. Petitioner appealed his murder conviction, but the conviction was affirmed on appeal and, on September 25, 2019, the Texas Court of Criminal Appeals refused his petition for

discretionary review. Electronic R., ECF No. 9. On February 2, 2021,[1] Petitioner also filed a state habeas-corpus application challenging his murder conviction, which the Texas Court of Criminal Appeals dismissed as noncompliant with the state's form requirements. SHR[2] 25 & Action Taken, ECF Nos. 13-20 & 13-19. This federal petition for habeas relief was filed on February 2, 2021.[3]

## II. ISSUES

In this federal petition, Petitioner attacks his murder conviction on one ground. Pet. 6, ECF No. 4. Respondent asserts that the petition should be dismissed as barred by the federal statute of limitations. Resp't's Answer 6–12, ECF No. 14.

## III. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] A petitioner's *pro se* state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). Petitioner indicated that he "handed to a corrections officer copies of [his state] habeas corpus petition for deposit into the U.S. Mail" on February 2, 2021; thus, the Court deems the application filed on that date.

[2] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-92,566-01.

[3] A petitioner's *pro se* federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Although Petitioner indicates that he placed the petition in the prison mailing system in "January 2021," he signed the petition on February 2, 2021; thus, the Court deems the petition filed on the latter date.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review or the expiration of the time for seeking further direct review. *Id.* § 2244(d)(1)(A). For purposes of this provision, Petitioner's judgment of conviction became final on December 24, 2019, upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court, triggering the one-year limitations period, which expired one year later on December 28, 2020.[4] *Lawrence v. Florida,* 549 U.S. 327, 333 (2009); SUP. CT. R. 13.1. Accordingly, Petitioner's federal petition was due on or before December 28, 2020, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's post-conviction state habeas application filed on February 2, 2021, after limitations had already expired, did not operate to toll the federal limitations period under the statutory provision. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's federal petition is untimely unless he can demonstrate that tolling as a matter

---

[4] December 24, 2020, was a federal holiday. The next business day was Monday, December 28, 2020.

of equity is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). A habeas petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"— sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

Petitioner presents no new evidence to meet the actual-innocence exception. Instead, without any degree of particularity, he urges that equitable tolling is justified due to the "extraordinary circumstances" presented by the COVID-19 pandemic during the one-year limitation period—specifically, the initial "COVID-19 lockdown combined with [his] status of being housed in 'administrative segregation,'" the subsequent law library's reduced operational days and hours, and the resultant delays in the delivery of legal materials. Pet'r's Reply 4, ECF No. 18.

Indeed, the lack of access to a law library can in some circumstances toll the one-year limitations period. *See Egerton v. Cockrell,* 334 F.3d 433, 438–39 (5th Cir. 2003). In order to toll the limitations period, however, the lack of library access must have actually prevented the petitioner from filing his habeas petition. *Krause v. Thaler,* 637 F.3d 558, 561 (5th Cir. 2011). In this case, Petitioner presents no evidence that the diminished library access actually prevented him from filing

4

his federal petition. Petitioner admits to having some access to law library materials—albeit on a limited and sometimes delayed basis. Pet'r's Resp. 4, ECF No. 18. Furthermore, the § 2254 form petition does not require a petitioner to analyze or cite case law. And, prison lockdowns, including COVID-related lockdowns, and restrictive housing are generally not grounds for equitable tolling. *See Madis v. Edwards,* 347 F. App'x 106, 108 (5th Cir. 2009); *Cruz v. Lumpkin,* No. 4:21-CV-610-P, 2021 WL 3710568, at *2–3 (N.D. Tex. Aug. 18, 2021); *Ramos v. Lumpkin,* No. SA-20-CA-01448-FB, 2021 WL 3410314, at *4 (W.D. Tex. Aug. 4, 2021); *Soliz v. Director, TDCJ-CID,* No. 6:21-CV-016, 2021 WL 3674105, at *3 (E.D. Tex. July 9, 2021), *R. & R. adopted,* 2021 WL 3666058 (E.D. Tex. Aug. 18, 2021). Thus, while perhaps making it more difficult to complete and file his petition, the pandemic and the procedures taken by the prison to address it did not prevent its filing. Nor does Petitioner present facts or evidence suggesting reasonable diligence in pursuing his rights under the circumstances.

Because Petitioner fails to demonstrate that statutory and/or equitable tolling of the limitations period is appropriate in this case, his federal petition was due on or before December 28, 2020. His petition filed on February 2, 2021, is therefore untimely.

### III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 17th day of September, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**